# In the United States District Court for the Southern District of Georgia Brunswick Division

FILED
Scott L. Poff, Clerk
United States District Court

By MGarcia at 2:55 pm, Apr 07, 2020

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

    Petitioner,

    v.

BRIAN FENNELL, ROBERT JONATHAN
WILLIS, and MICHAEL BARNES,

    Respondents.

No. 2:18—cv-134

## ORDER

This matter is before the Court on a Motion for Summary Judgment by Petitioner Allstate Fire and Casualty Insurance Company ("Allstate"). The matter has been fully briefed and is ripe for review. For the reasons below, Allstate's motion is **DENIED.**

## BACKGROUND

On March 31, 2017, Respondent Jonathan Willis was driving a 1998 Pontiac Grand Prix (the "Grand Prix") when he collided into another vehicle driven by Respondent Michael Barnes. See Dkt. No. 35-5 ¶¶ 1-2. Willis fled the scene, id. ¶ 4, but he was apprehended by police on the following day and charged with, inter alia, leaving the scene of an accident, see dkt. no. 35-2 at 3. A police investigation report written the same day as Willis's arrest shows

that Respondent Brian Fennell reported to police that the Grand Prix belonged to him and that he had told Willis "to not drive his vehicle and that no one in [his] residence could give him permission to drive the vehicle." Dkt. No. 35-3 at 3.

Sometime after the accident, Barnes filed a suit against Willis and Fennell in the state court of Wayne County, Georgia to recover for injuries allegedly resulting from the accident. See dkt. no. 37 at 1. During that litigation, the parties deposed Vennie Orene Fennel ("Ms. Fennell"), who Barnes now alleges was the owner of the Grand Prix on the date of the accident. See Dkt. No. 37-4 ¶ 3. Ms. Fennell is Brian Fennell's mother and Willis's grandmother, and Brian Fennell is Willis's uncle. See Dkt. No. 37-1 at 3-4. In her deposition, Ms. Fennell testified that she lived with Willis and some other family members but not Brian Fennell and his family. See id. at 3. With respect to the Grand Prix, Ms. Fennell testified that though Brian Fennell paid the insurance on the vehicle and insisted on putting the title in his name, she had purchased the vehicle approximately one year before the accident and kept it at her house for her personal use. See id. at 4-5. According to Ms. Fennell, Brian Fennel never borrowed the vehicle. Id. at 4.

Ms. Fennell testified that on the day of the accident, Willis asked Ms. Fennell if he could borrow the Grand Prix to drive home the son of one of his friends. Id. at 5. Ms. Fennell agreed and

gave Willis the keys. Id. She testified that the accident took place approximately fifteen minutes later. Id.

Brian Fennell was a named insured on a vehicle insurance policy ("the Policy") issued by Allstate and providing coverage for the Grand Prix. Dkt. No. 35-5 ¶ 8; see also Dkt. No. 1-1 at 10. Neither Willis nor Ms. Fennell were listed as named insureds or drivers under the Policy. Dkt. No. 35-5 ¶¶ 9-10.[1] In pertinent part, the Policy provides that coverage is afforded for "damages an insured person is legally obligated to pay because of bodily injury sustained by a person." Dkt. No. 35-5 ¶ 11 (quoting Dkt. No. 1-1 at 25). It further provides that when using an insured auto, an insured is defined as "you, any resident, and any other person using it with your permission." Id. ¶ 12 (quoting Dkt. No. 1-1 at 26).

In November 2018, Allstate filed a Petition for Declaratory Judgment (the "Petition") seeking an Order from this Court declaring Allstate "is not obligated to provide coverage, indemnity, or a defense to Respondent Willis under the Policy" for claims arising out of the March 2017 accident. Dkt. No. 1. Specifically, Allstate argues that Willis does not satisfy the

---

[1] In his opposition brief, Barnes purports to dispute this fact. See Dkt. No. 37-4 at 2. However, the only basis for his dispute is that neither Willis nor Ms. Fennell were "listed as . . . excluded driver[s]" under the Policy." Id. This contention, however, does not undermine the fact that neither of these individuals were expressly identified by the policy as named insureds or drivers. Moreover, Allstate has appended an "Amended auto policy declarations" page to its Petition for Declaratory Judgment in which it clearly shows only Brian Fennell and Wendy Gates as named insureds. Dkt. No. 1-1 at 10.

Policy's definition of "you" because he was neither a resident of the named insureds' home at the time of the accident, nor was he using the Grand Prix with the permission of the named insureds. Id. ¶¶ 21-22. Allstate named as respondents Willis, Barnes, and Brian Fennell. Dkt. No. 1.

In December 2018 and January 2020, the Clerk of this Court filed Entries of Default against Brian Fennell and Willis, respectively, for failure to appear, plead, or otherwise defend Allstate's action. See Dkt. Nos. 9, 34. Thereafter, Allstate filed the present Motion for Summary Judgment. Dkt. No. 35. Barnes opposes the motion. Dkt. No. 37. For the reasons that follow, the Court finds that Allstate has failed to show that it is entitled to judgment as a matter of law and that Allstate's motion should be **DENIED.**

## LEGAL STANDARD

Summary judgment "shall" be granted if "the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Ci. P. 56(a). A dispute is "genuine" where the evidence would allow "a reasonable jury to return a verdict for the nonmoving party." FindWhat Investor Group.com, 658 F.3d 1282, 1307 (11th Cir. 2011) (quoting Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986)). A fact is "material" only if it "might affect the outcome of the suit under the governing law." Id. Factual disputes that are

"irrelevant or unnecessary" are not sufficient to survive summary judgment. <u>Anderson</u>, 477 U.S. at 248.

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>See</u> <u>Celotex Corp v. Catrett</u>, 477 U.S. 317, 323 (1986). The movant must show the court that there is an absence of evidence to support the nonmoving party's case. <u>See</u> <u>id.</u> at 325. If the moving party discharges this burden, the burden shifts to the nonmovant to go beyond the pleadings and present affirmative evidence to show that a genuine issue of fact does exist. <u>See</u> <u>Anderson</u>, 477 U.S. at 257.

The nonmovant may satisfy this burden in one of two ways. First, the nonmovant "may show that the record in fact contains supporting evidence, sufficient to withstand a directed verdict motion, which was 'overlooked or ignored' by the moving party, who has thus failed to meet the initial burden of showing an absence of evidence." <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112, 1116 (11th Cir. 1993) (quoting <u>Celotex Corp.</u>, 477 U.S. at 332) (Brennan J. dissenting)). Second, the nonmovant "may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency." <u>Id.</u> at 1117. Where the nonmovant attempts to carry this burden instead with nothing more "than a repetition of his conclusional allegations, summary judgment for the [movant is] not only proper

but required." <u>Morris v. Ross</u>, 663 F.2d 1032, 1033-34 (11th Cir. 1981) (citing Fed. R. Civ. P. 56(e)).

## DISCUSSION

The principal dispute before the Court is whether Willis was a permissive driver of the Grand Prix at the time of the accident. Allstate points to the police investigation report from the day after the accident wherein Brian Fennell is reported as having told police that he told Willis not to drive the Grand Prix and that no one in Willis' residence could give him permission to drive the Grand Prix. This, Allstate argues, evidences clearly that Willis was not a permissive driver at the time of the accident.

Barnes argues that Brian's statements in the police report are inadmissible hearsay. In the alternative Barnes argues that, according to Ms. Fennel's deposition testimony, Willis was a permissive driver under Georgia's "second permissive doctrine" because Ms. Fennell authorized Willis to drive the Grand Prix. Allstate responds that Ms. Fennell's testimony, which was given in a separate action, is inadmissible hearsay in the present action. It further argues that Brian Fennell's express statement to Willis forbidding Willis from driving the Grand Prix would overcome any permission Ms. Fennell might have given Willis to drive the vehicle.

As an initial matter, the Court must determine which evidence it may consider on summary judgment. Generally, "inadmissible

hearsay 'cannot be considered on a motion for summary judgment.'" Macuba v. DeBoer, 193 F.3d 1316, 1323 (11th Cir. 1999) (quoting Garside v. Osco Drug, Inc., 895 F.2d 46, 50 (1st Cir. 1990)). However, it is well-settled in the Eleventh Circuit that "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial." Lewis v. Residential Mortg Sols., No. 18-14738, 2020 U.S. App. LEXIS 3587, at *9 (11th Cir. Feb. 6, 2020) (quoting Macuba, 193 F.3d at 1323). Eleventh Circuit courts have also held that "[t]he most obvious way to reduce hearsay to admissible form is to call the declarant to testify at trial." Id.; see also Jones v. UPA Ground Freight, 683 F.3d 1283, 1294 (11th Cir. 2012). Thus, hearsay may not be used on summary judgment where the declarant witness is merely hypothetical, or they have offered "sworn testimony during the course of discovery that contradicts the hearsay statement." Lewis, 2020 U.S. App. LEXIS 3857, at *10 (quoting Jones, 683 F.3d at 1294).

Here, assuming without deciding that both Brian Fennell's statement in the police investigation report and Ms. Fennell's deposition testimony are inadmissible hearsay, the Court finds that both of these pieces of evidence can be "reduced to admissible evidence at trial," Lewis, 2020 U.S. App. LEXIS 3587, at *9 (quotation omitted), by having Brian and Ms. Fennell testify. Indeed, each of these individuals were clearly the declarants of

the disputed statements, and there is no indication that either would be unavailable to testify at trial.[2] Nor has either party produced evidence that either of these declarants have made statements inconsistent with the alleged hearsay. Accordingly, the Court finds that both Brian Fennell's statement in the police report and Ms. Fennell's deposition testimony may be considered for purposes of summary judgment.

Aside from the admissibility issues, neither party challenges the truth of Brian or Ms. Fennell's statements.[3] Accordingly, the Court must consider whether Brian Fennell's proscription to Willis against riding in the Grand Prix or Ms. Fennel's authorization ultimately prevails in determining whether Willis was a permissive driver under the Policy. Undoubtedly, Brian Fennell's statement to Willis, in itself, rendered Willis an unauthorized driver under the plain language of the Policy. And, had Willis not received authorization from any other source, he would plainly not be covered. However, Barnes argues that Ms. Fennell's granting of permission to Willis, which she made within the scope of her

---

[2] The parties do note that Ms. Fennell failed to appear for her noticed deposition during discovery in the present action. However, the parties do not dispute that the reason Ms. Fennell did not appear was because she failed to obtain transportation. Presumably, the parties can come up with a means of transportation for Ms. Fennell, if necessary, between now and the date of trial.
[3] Barnes does dispute Allstate's contention that Brian Fennell's proscription to Willis—which was alleged in the Petition—was deemed admitted pursuant to Willis and Brian Fennell's default status. However, Barnes does not offer any evidence suggesting that this statement was not made.

authority as a permissive driver, overcame Brian Fennell's proscription.

Under Georgia's "second permittee doctrine," when "a third person uses a car via another person who did have permission to use the car, this is a permissive use under the insurance policy as long as 'the use falls within the scope of that permission.'" Hamrick v. Am. Cas. Co., 245 Fed. App'x 891, 893 (11th Cir. 2007) (quoting Prudential Property & Casualty Insur. Co. v. Walker, 219 Ga. App. 84, 85 (Ga. Ct. App. 1995)). Here, construing the facts in Barnes's favor, a jury could find that Ms. Fennell was given broad permission by Brian Fennell to keep the Grand Prix for her personal use. Indeed, Ms. Fennell testified that not only did she buy the Grand Prix, but she also kept it at her house, and Fennell never borrowed the vehicle because he had his own. It is further clear a jury could also find that Willis's use of the Grand Prix on the day of the accident was within the broad scope of Brian Fennell's permission to Ms. Fennell. When the accident occurred, Willis was on his way to drop a friend's child off at home, an act that Ms. Fennell could have been entitled to perform under the scope of Brian Fennell's permission.

Allstate argues that irrespective of whether Ms. Fennell was authorized to use the Grand Prix within the scope of her permission, the fact a named insured had expressly forbid Willis from using the vehicle would override Ms. Fennell's authorization.

Though this argument makes some intuitive sense, it has not been embraced by the state courts.[4] Indeed, Georgia courts have held that "the fact that the third person . . . was expressly forbidden to drive by the owner" is irrelevant to the question of whether the second permittee doctrine applies. Allstate Ins. Co. v. Wood, 211 Ga. App. 662, 663 (Ga. Ct. App. 1994) (quoting Ga. Farm Bureau Mut. Ins. Co. v. Allstate Ins. Co., 190 Ga. App. 593, 594 (Ga. Ct. App. 1989)); see also, Prudential Pro. & Casualty Ins. Co. v. Walker, 219 Ga. App. 84, 89 (Ga. Ct. App. 1995) (McMurray, J. dissenting). This is because "the permission to use contained in [a permissive user] clause refers to the purpose for which permission was given and not to the operation of the vehicle." Wood, 211 Ga. App. at 663. Thus, the Policy "only requires *permission for the purpose to be served*." Id. (emphasis in original) (quotation omitted). The Court finds Ms. Fennell's alleged authorization for Willis to use the vehicle creates an issue of fact as to whether Willis was a permissive driver to use the Grand Prix. Accordingly, summary judgment is improper.

## CONCLUSION

For the reasons above, Allstate's Motions for Summary Judgment, dkt. no. 35, is **DENIED**.

---

[4] If Ms. Fennell had been aware that Brian Fennell had told Willis that "no one in [his] residence could give him permission to drive the vehicle," dkt. no. 35-3 at 3, this could affect the scope of Ms. Fennell's permission and therefore the scope of Willis's permission under the second permittee doctrine. However, no such evidence has been presented.

**SO ORDERED**, this 7th day of April, 2020.

HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA